**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00050-MR**

| | |
|---|---|
| **CYNTHIA LOUISE JENKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM OF** |
| **vs.** ) | **DECISION AND ORDER** |
| ) | |
| **NANCY A. BERRYHILL, Acting** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Remand [Doc. 9] and Motion for Summary Judgment [Doc. 11], and the Defendant's Motion for Summary Judgment [Doc. 16].

## I.   PROCEDURAL HISTORY

The Plaintiff, Cynthia Louise Jenkins ("Plaintiff"), filed applications for disability insurance benefits under Title II of the Social Security Act (the "Act") and supplemental security income under Title XVI of the Act, alleging an onset date of October 22, 2014. [Transcript ("T.") at 185]. The Plaintiff's application was denied initially and upon reconsideration. [T. at 146, 159]. Upon Plaintiff's request, a hearing was held on March 24, 2017 before an Administrative Law Judge ("ALJ").  [T. at 35-74].  Shortly before the hearing,

the Plaintiff amended her alleged onset date to October 31, 2015, the last date of Plaintiff's employment. [T. at 353] On April 27, 2017, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged amended onset date October 31, 2015. [T. at 18-33]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 4-6]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence."  Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III.   THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must

assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is

entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

## IV.    THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her amended alleged onset date, October 31, 2015. [T. at 20]. At step two, the ALJ found that the Plaintiff has severe impairments including history of mild cerebral trauma, headaches, seizures, spinal disorder, folliculitis, left foot planter fasciitis, obesity, neurocognitive disorder, affective disorder, and anxiety disorder. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [T. at 21]]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [O]ver the course of an 8-hour workday, in 2-hour increments with normal and acceptable work breaks, that the [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can never climb ladders ropes and scaffolds; can occasionally crouch and crawl, can frequently climb ramps and stairs, balance, stoop, and kneel. She can constantly be exposed to a very quiet to moderate noise environment, occasionally be exposed to a loud and very loud noise environment, and can occasionally be exposed to bright sunlight. She can occasionally be exposed to hazards associated with unprotected dangerous machinery or unprotected heights. She

6

can concentrate, persist and maintain pace sufficient to understand, remember and carry out simple, routine tasks in a low stress work environment (defined as being free of fast-paced or team-dependent production requirements), involving simple work-related decisions, occasional independent judgment skills and occasional work place changes. She can perform jobs with only superficial interaction with the general public and can perform jobs where the work duties can be completed independently from coworkers; however, physical isolation is not required. She can respond appropriately to reasonable and customary supervision.

[T. at 23].

At step four, the ALJ identified Plaintiff's past relevant work as an Army mess cook and a jailer. [T. at 31]. The ALJ observed, however, that the Plaintiff is "unable to perform her past relevant work." [Id.]. At step five, based upon the testimony of the VE, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including checker I, mail clerk, and router. [T. at 32]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from October 31, 2015, the alleged amended onset date, through April 27, 2017, the date of the ALJ's decision. [T. at 33].

## V.   DISCUSSION[1]

### A.   Motion to Remand

Two days before filing her Motion for Summary Judgment, and five months after filing this appeal, Plaintiff filed a separate "Motion to Remand." [Doc. 9].

Plaintiff argues that her case must be remanded based on the Supreme Court's reasoning in Lucia v. SEC, 138 S. Ct. 2044, 201 L.Ed.2d 464 (2018). [See Docs. 15, 16, 20].  The thrust of the Plaintiff's argument appears to be that the process for appointing ALJs to adjudicate Social Security claims is not in compliance with the Appointments Clause of the Constitution, Article II, Section 2. Plaintiff therefore concludes that she is entitled to a new hearing before a properly appointed officer, once such officer can be installed. [Doc. 16 at 2-3]. In Lucia the Supreme Court held that the ALJs of the Securities and Exchange Commission, by the nature of their duties, are "Officer[s] of the United States," and therefore must be nominated by the President and confirmed by the Senate, or otherwise installed consistent with the Appointments Clause. 138 S. Ct. at 2055.

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

Plaintiff asserts (with little explanation) that the holding in Lucia applies equally to Social Security ALJs.

In Lucia, however, the Supreme Court held that "*one who makes a timely challenge* to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." 138 S. Ct. at 2055 (quoting Ryder v. United States, 515 U.S. 177, 182–183, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995)) (emphasis added). In that case, the plaintiff timely contested the validity of the ALJ's appointment by raising the challenge before the Securities and Exchange Commission, as well as in the Court of Appeals and the Supreme Court. Id. In the present case, however, Plaintiff has forfeited this issue by failing to raise it during her administrative proceedings. See Garrison v. Berryhill, No. 1:17-cv-00302-FDW, 2018 WL 4924554 (W.D.N.C. Oct. 10, 2018) (citing Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999)). For these reasons, the Court will deny Plaintiff's Motion to Remand [Doc. 9] and will address the arguments made by the parties in their summary judgment motions.

B. **Motion for Summary Judgment**

The Plaintiff asserts two assignments of error. First, the Plaintiff argues that the ALJ erred in evaluating her physical and mental impairments and the vocational expert's opinions. Second, the Plaintiff argues that the ALJ

erred in his evaluation of the disability rating decisions of the Department of Veterans Affairs (VA) in contravention of the Fourth Circuit's decision in <u>Bird v. Commissioner</u>, 699 F.3d 337, 343 (4th Cir.2012).  Because it is dispositive, the Court turns first to the Plaintiff's second assignment of error.

In making a disability determination, the ALJ is required to consider all relevant record evidence, including disability decisions rendered by other agencies.  SSR 06–03p, 2006 WL 2329939 at *6-7. [2]  The decisions by other agencies, "and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s)." <u>Id.</u>  While a determination of disability made by another governmental or nongovernmental agency is not binding on the ALJ, <u>see</u> 20 C.F.R. § 404.1504, the ALJ should nevertheless "explain the consideration given to these decisions," SSR 06–03p.

In <u>Bird</u>, the Fourth Circuit stated that "[b]ecause the purpose and evaluation methodology of both [the VA and SSA] programs are closely related, a disability rating by one of the two agencies is highly relevant to the

---

[2] The Social Security Administration's rescission of SSR 06-03p became effective for claims filed on or after March 27, 2017. 82 Fed. Reg. 15263-01, 2017 WL 1105348 (Mar. 27, 2017). In the present case, the Plaintiff filed her claim prior to March 27, 2017, as such, SSR 06-03p still applies.

disability determination of the other agency."  699 F.3d at 343.  Accordingly,

the Court held that:

> [I]n making a disability determination, the SSA must give <u>substantial weight</u> to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, <u>an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate</u>.

<u>Id.</u> at 343 (emphasis added).

Here, the record evidence before the ALJ contained multiple disability

decisions by the VA.  On December 30, 2015, the VA issued a decision

assigning the Plaintiff a 90% service-connected disability rating.  [T. at 215].

Specifically, the VA decision assigned the Plaintiff a 60% disability rating for

her mixed seizure disorder; a 30% disability rating for her unspecified mild

neurocognitive disorder and unspecified anxiety disorder; a 20% disability

rating for her cervical strain; a 20% disability rating for her painful facial scars;

a 10% disability rating for her lumbosacral strain; a 10% disability rating for

her gastroesophageal reflux disease ("GERD"); a 10% disability rating for

her residuals of polycystic ovarian syndrome; and a 10% disability rating for

hypothyroidism. [T. 213-40]. On March 30, 2016, the Plaintiff filed a new

claim of benefits with the VA and submitted additional medical records. [T.

at 322, 357-419]. On October 14, 2016, the VA issued a new ratings decision

assigning the Plaintiff a 100% disability rating on the basis of increasing the

disability rating from 0% to 30% for her migraine headaches; increasing the

disability rating from 30% to 50% for her unspecified mild neurocognitive

disorder and unspecified anxiety disorder; and increasing the disability rating

from 0% to 20% for her plantar fasciitis. [T. at 322-37]. However, the VA's

new rating decision also proposed assigning the Plaintiff an 80% disability

rating. [Id.]. Specifically, the VA proposed decreasing Plaintiff's disability

rating from 60% to 10% for her mixed seizure disorder; decreasing the

disability rating from 20% to 10% for her cervical strain; decreasing the

disability rating from 20% to 0% for her painful facial scars; and decreasing

the disability rating from 10% to 0% for her gastroesophageal reflux disease

("GERD").[3]  [T. at 318].

In his decision, the ALJ states that he has "given consideration to" the

VA's disability determinations and, as required by Bird, affords them "no

more than substantial weight."  [T. 30].  Despite purporting to assign

"substantial weight" to the VA ratings, the ALJ then enumerates various ways

---

[3] The Plaintiff filed a statement in opposition to the VA's proposed reduction of her
disability rating on November 2, 2016.  [T. 339-349].  The record does not indicate
whether the VA modified her disability rating further.

in which the VA disability assessment differs from SSA rules. [T. 30-31].

The ALJ then concludes, in summary fashion and without any discussion of

the record evidence, that "the treatment reports, including diagnostic and

examination findings are more persuasive and demonstrate that the claimant

is not disabled under the Social Security Act, notwithstanding that she

otherwise may be entitled to Veterans Administration compensation for the

same or similar impairments." [T. 31].

While the ALJ purports to comply with Bird by assigning "substantial

weight" to the VA ratings, the ALJ goes on to completely discount the ratings,

essentially assigning them little weight. While assigning less than substantial

weight to VA ratings is certainly permissible under Bird, the Fourth Circuit

explicitly explained that lesser weight may be given only "when the *record*

*before the ALJ* clearly demonstrates that such a deviation is appropriate."

699 F.3d at 343 (emphasis added). For the ALJ to enumerate all the ways

that VA and SSA disability determinations may differ in theory[4] is simply not

sufficient. The Fourth Circuit has already found "the purpose and evaluation

---

[4] For example, in discounting the VA disability ratings, the ALJ notes that the "VA's determination that a veteran is unemployable is not the same as a step four or five finding under [the SSA] regulations." [T. 31]. The ALJ then, without any citation to the record, notes that there was no evidence in the medical record to indicate that the Plaintiff had been found to be "unemployable." [Id.]. The ALJ's discount of the VA ratings on this point is inadequately explained because the VA *did not find the Plaintiff to be unemployable.* [T. 215, 323]. This distinction, therefore, cannot serve as a basis for discounting the VA's disability ratings in this case.

methodology of" the VA program to be so closely related as to render a VA disability rating "highly relevant" to an SSA determination. Id. Thus, the ALJ must cite to evidence *in the record before him* in order to assign less than substantial weight to the VA's determination.

The ALJ's decision makes only a few passing references to the VA's disability ratings. First, in his discussion of the medical evidence of record supporting his RFC determination, the ALJ finds the Plaintiff's seizures to be severe but not as extensive as alleged, stating as follows:

> Interestingly, after [Plaintiff] was notified by the VA that her disability rating for seizure activity was reduced because of an improvement in her condition (Ex 16E), [Plaintiff] contacted the VA in on [sic] November 16, 2016 and January 19, 2017 reporting that she had experienced seizures the night before that were witness [sic] by her husband rating for"

[T. at 25]. The ALJ's sentence abruptly ends nonsensically before proceeding to a new paragraph addressing Plaintiff's migraine headaches. [Id.]. The ALJ never explains what he found to have been "interesting," what relevance such evidence has to his decision, or how such evidence is weighed.

The second reference to the VA disability ratings is contained in the ALJ's discussion of the Plaintiff's credibility, in which he states as follows:

> Moreover, while [Plaintiff] is assessed with some service connected disability for seizure disorder and

headaches, the VA never awarded her any disability specific to "traumatic brain injury" (Exs 16E and 4F/38).

[T. 28]. While the ALJ is correct that the VA ratings do not provide any disability for traumatic brain injury, the ALJ's simple recitation provides no further insight into how he weighed or considered the VA ratings *that were awarded* for the Plaintiff's other impairments.

The ALJ also references a "VA determination" in discounting the severity of the Plaintiff's depression and anxiety:

> Notably, although [Plaintiff] testified to problems with depression and anxiety, . . . the VA determine[d] that "stress, adjustment disorder, anxiety and depression" did not warrant a rating for service connected disability because the [Plaintiff's] medical evidence failed to show that these conditions were clinically diagnosed (1F/196)….

[T. at 27]. The "VA determination" cited by the ALJ is referenced in an exam note by Dr. Justin Schechter in the Plaintiff's "Initial Post Traumatic Stress Disorder Disability Benefits Questionnaire." [T. at 617]. This exam note references an April 2015 VA determination denying the Plaintiff service-connected disability for several conditions. [T. at 621]. The actual April 2015 VA determination itself does not appear in the record of this case. In any event, the April 2015 VA determination appears to have denied a disability rating for conditions for which the Plaintiff *was later assigned disability*

*ratings*, such as anxiety and migraine headaches. [Compare T. 621 with T. 322]. The ALJ, however, fails to address the significance of these subsequent disability ratings.

The ALJ's recitation of the medical evidence of record is largely the same evidence considered by the VA. [See T. at 24-28]. While the ALJ purported to assign "substantial weight" to the VA's disability determinations, the Court cannot reconcile the ALJ's purported assignment of weight to the VA ratings with the contradictory rationale and disparate findings found throughout the ALJ's decision. Without a coherent explanation by the ALJ for apparently giving lesser weight to the VA determinations, the Court cannot say that "the record before the ALJ clearly demonstrates that such a deviation is appropriate." See Bird, 699 F.3d at 343. As such, the ALJ's failure to properly weigh and explain the consideration given to the Plaintiff's disability ratings by the VA frustrates meaningful review of the ALJ's decision on this issue. For this reason, the decision of the ALJ must be reversed.

In light of this decision, Plaintiff's other assignment of error need not be addressed but may be raised by her on remand.

## VI. CONCLUSION

For the reasons stated, remand is required. On remand, the ALJ shall properly weigh, and explain the consideration given to, the Plaintiff's VA

disability ratings as required by the Regulations and the Fourth Circuit's decision in <u>Bird</u>.

## <u>ORDER</u>

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand [Doc. 15] is **DENIED**; the Plaintiff's Motion for Summary Judgment [Doc. 10] is **GRANTED**; the Defendant's Motion for Summary Judgment [Doc. 12] is **DENIED**; the decision of the Commissioner is **REVERSED**; and this case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: March 22, 2019

Martin Reidinger
United States District Judge